IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICK SPAGNOLO, | ) | CIVIL NO. 12-00579 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT |
| | ) | PREPAYMENT OF FEES; AND |
| UNITED STATES SOCIAL | ) | (2) DISMISSING COMPLAINT |
| SECURITY ADMINISTRATION, ET | ) | WITHOUT PREJUDICE |
| AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE

## I. INTRODUCTION

On October 26, 2012, Plaintiff Nick Spagnolo ("Plaintiff"),

proceeding *pro se*, filed a Complaint seeking damages and injunctive relief naming

as Defendants the "United States Social Security Administration" (the "SSA") and

its Commissioner, Michael J. Astrue (collectively, "Defendants").

Plaintiff also filed an Application to Proceed Without Prepaying Fees

or Costs ("Application").  Based on the following, the court: (1) GRANTS

Plaintiff's Application; and (2) DISMISSES the Complaint without prejudice.[1]

## II. ANALYSIS

### A.    Plaintiff's Application Is Granted

Plaintiff attests under penalty of perjury in his Application that he is unemployed with no gross pay or wages.  He has no income from business, self-employment, rent, pensions, or disability payments.  He states he had a take-home salary of $1,000 to $1,300 for a period between December 2009 and January 2010. He also receives Social Security benefits of $698.00 per month, and has $750 in cash or bank accounts.  Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's Application.

### B.    Plaintiff's Complaint Is Dismissed Without Prejudice

#### 1.    *Standards of Review*

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28

---

[1]  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

(en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the

court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding

that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

"District courts retain broad discretion to control their dockets and

'[i]n the exercise of that power they may impose sanctions including, where

appropriate, default or dismissal.'" *Adams v. Cal. Dep't of Health Servs.*,

487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of

L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).

Plaintiff is appearing *pro se*; consequently, the court liberally

construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

("The Supreme Court has instructed the federal courts to liberally construe the

'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam))).

### 2. *Application to the Complaint's Allegations*

Applying the preceding principles, the court dismisses Plaintiff's

Complaint without prejudice because it is nearly identical to -- and largely seeks

the same relief as -- Plaintiff's Complaint in a pending case, *Spagnolo v. Astrue*,

Civ. No. 12-00563 LEK-BMK. *See, e.g.*, *Adams*, 487 F.3d at 688 ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'") (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977)).

The Complaint (including the "supporting memorandum" included within it) generally alleges that Defendants failed to review, or otherwise denied review of, Plaintiff's multiple requests regarding a Social Security benefits "underpayment" of $3,922.68 and an allegedly improper claim by Defendants of a $324.89 "overpayment" by Plaintiff. *See* Doc. No. 1 at 2-4; Doc. No. 1-1 at 3. The Complaint refers to prior Complaints in this court (Civ. No. 11-00353 DAE-RLP, and Civ. No. 12-00314 SOM-KSC), wherein Plaintiff apparently sought judicial review of the same failures by Defendants to review his requests. Doc. No. 1 at 1. It also refers to yet another action now pending in this court wherein Plaintiff "filed a Mandamus on October 19, 2012," Doc. No. 1 at 3 (misnumbered as page one), again seeking to require Defendants to review his claims regarding the "underpayment" and "overpayment." *Id.* at 1. The Complaint further alleges that "the SSA has conspired to violate Plaintiff's civil rights, the SSA has stolen benefits." *Id.* at 4 (misnumbered as page two). This allegation apparently refers to

4

42 U.S.C. § 1985(3).[2]  *See id.* at 1 (citing statute).

Given those allegations, the Complaint seeks "an Order for payment to Plaintiff for his back payments, yet outstanding," specifically (1) "an Order for full remittance of the 'underpayment' of $3,922.68;" (2) "a recoupment of the illegal collection of an 'overpayment' of $324.89; (3) and "a payment of $674.00 for a missing months benefits."  Doc. No. 1-1 at 5.  Plaintiff also "pleads the right to monies demanded previously under law, and to damages and attorney fees due to the extended delay in the prosecution of this complaint."  Doc. No. 1 at 1.  He states "[i]f the SSA does NOT 'satisfy' the complaint by [November 7, 2012], the Plaintiff will pursue the balance of the claim for $375,000," *id.* at 5 (misnumbered as page 3), although there is no explanation for the $375,000 figure.

---

[2]  Title 42 U.S.C. § 1985(3) provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

As Plaintiff alludes to, he has a nearly identical "mandamus" action already pending in this court essentially seeking the same relief -- benefits for an "underpayment" of $3,922.68, an "overpayment" of $324.89, and a "missing benefit" of $674 -- that he seeks in this action. *See Spagnolo v. Astrue*, Civ. No. 12-00563 LEK-BMK (filed October 19, 2012; Order Granting Application to Proceed Without Payment of Fees granted on October 25, 2012). That action -- also naming the SSA and its Commissioner Michael Astrue -- also seeks a review of the SSA's allegedly wrongful refusal to review his requests for benefits, and seeks "an Order for payment to Plaintiff for his back payments, yet outstanding," specifically (1) "an Order for full remittance of the 'underpayment' of $3,922.68;" (2) "a recoupment of the illegal collection of an 'overpayment' of $324.89;" (3) and "[p]ayment of a $674.00 missing months benefits[.]" Doc. No. 1 at 11 (Civ. No. 12-00563). Indeed, many of the pages in the two actions are identical.[3]

---

[3] The only substantive difference is a possible claim in this case -- Plaintiff cited the statute but did not seek relief in a definitive count -- that Defendants conspired under 42 U.S.C. § 1985 to deprive Plaintiff of Social Security benefits, entitling him to damages. Doc. No. 1 at 1. If Plaintiff intended to make such a claim here, however, it plainly fails. *See Schwieker v. Chilicky*, 487 U.S. 412, 424-25 (1988) (holding that a plaintiff cannot hold Social Security officials liable for damages under § 1985 for alleged constitutional violations in denying benefits); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (noting that 42 U.S.C. § 405(h) plainly bars federal question jurisdiction, or § 1331 review, in a typical Social Security benefits case "where an individual seeks a monetary benefit from the agency . . ., the agency denies the benefit, and the individual challenges the lawfulness of that denial . . . irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds"); *Hooker v. U.S. Dep't of Health & Human*

(continued...)

Thus, the relief Plaintiff seeks in this action stems from the same factual situation -- an allegedly wrongful failure to review his claims and to pay benefits -- that is pending in Plaintiff's "mandamus" action.[4]  It is well-settled, however, that a plaintiff has "no right to have multiple *in forma pauperis* actions pending arising out of the same nucleus of facts."  *Bryan v. Campbell*, 2010 WL 4641683, at *1 (D. Or. Nov. 4, 2010) (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915([e]) a complaint 'that merely repeats pending or previously litigated claims.'") (citations omitted)).  *See also Rivera v. Carpenter*, 2010 WL 3025148, at *1 (D. Haw. Aug. 3, 2010) ("Parties generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'") (quoting *Matubang v. City & Cnty. of Honolulu*, 2010 WL 2176108, at *2 (D. Haw. May 27, 2010) (other citations omitted)).  "Duplicative lawsuits filed by a plaintiff proceeding *in forma*

---

[3](...continued)
*Servs.*, 858 F.2d 525, 529-30 (9th Cir. 1988) (holding that § 405(h) bars plaintiff's claim for negligent termination of disability benefits).  Thus, to the extent the Complaint asserts a separate claim for damages under 42 U.S.C. § 1985, the claim is DISMISSED.

[4]  This is true regardless of whether or not these claims were *also* made in Plaintiff's actions in Civ. Nos. 11-00343 DAE-RLP and 12-00314 SOM-KSC, and whether they would be barred by res judicata here.  Plaintiff also has filed Complaints in this court against some of the judges involved in those cases.  *See, e.g.*, *Spagnolo v. Mollway*, Civ. No. 12-00357 RSWL-BMK; *Spagnolo v. Ezra*, Civ. No. 12-00262 RLH-BMK.

*pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Bryan*, 2010 WL 4641683, at *1 (citations omitted).

"A court facing duplicative actions may: (1) stay the second action; (2) dismiss the second action without prejudice; (3) enjoin the parties from proceeding with the second action; or (4) consolidate the two actions." *Rivera*, 2010 WL 3025148, at *1 (quotation marks and citations omitted). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Matubang*, 2010 WL 2176108, at *3 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

Here, it cannot be disputed that this action is duplicative of Plaintiff's pending action in Civ. No. 12-00563 LEK-BMK. It seeks essentially the same relief against the same Defendants for the same alleged wrongs. *See, e.g.*, *Adams*, 487 F.3d at 689 ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (stating that a suit is duplicative of another "if the claims, parties, and available relief do not significantly differ between the two actions").

8

Accordingly, the court exercises its discretion and DISMISSES this action without prejudice.  *See Rivera*, 2010 WL 3025148, at *1.  If Plaintiff is entitled to any relief sought in this action, he may seek it, if at all, by litigating his claims in Civ. No. 12-00563 LEK-BMK.  For this reason, this dismissal is without leave to amend.

### III.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's Application, and DISMISSES the Complaint without prejudice.  The Clerk of Court shall enter Judgment and close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 5, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Spagnolo v. U.S. Social Sec. Admin., et al.*, Civ. No. 12-00579 JMS/KSC, Order: (1) Granting Plaintiff's Application to Proceed Without Prepayment of Fees; and (2) Dismissing Complaint without Prejudice